UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCELLA BACA, | § | Case No. |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **COMPLAINT FOR DAMAGES** |
| | § | **UNDER THE FAIR DEBT** |
| | § | **COLLECTION PRACTICES ACT** |
| ALLTRAN FINANCIAL, LP, | § | **AND OTHER EQUITABLE RELIEF** |
| | § | |
| Defendant. | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |

## PARTIES

1. Plaintiff, Marcella Baca ("Marcella"), is a natural person who resided in Albuquerque, New Mexico, at all times relevant to this action.

2. Defendant, Alltran Financial, LP ("Alltran"), is a Texas limited partnership that maintained its principal place of business in Houston, Texas, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because Alltran resides in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Alltran collected consumer debts.

6. Alltran regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of Alltran's revenue is debt collection.

1

8. Alltran is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. As described, *infra*, Alltran contacted Marcella to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Marcella is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Within the past twelve months, Alltran began calling Marcella on her cellular phone in connection with the collection of a debt.

13. Marcella did not answer any of Alltran's calls.

14. On at least one occasion, Alltran left a voice message for Marcella in connection with the collection of a debt.

15. Around the end of January 2017, Alltran called Marcella's place of employment and left a message for Marcella with the HR department.

16. Around February 2017, on more than one occasion, Alltran called Marcella's place of employment and spoke with Marcella's co-workers.

17. On each occasion, Alltran left a call back number for Marcella.

18. At the time of these communications, Alltran already had Marcella's location information.

19. Marcella works at a hospital and is only allowed to take personal calls of an emergent nature.

20. Alltran's collection efforts caused Marcella emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

21. Marcella re-alleges and incorporates by reference Paragraphs 12 through 20 above as if fully set forth herein.

22. Alltran violated 15 U.S.C. § 1692c(b) by communicating with a third party in connection with the collection of the debt without Marcella's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Marcella re-alleges and incorporates by reference Paragraphs 12 through 20 above as if fully set forth herein.

24. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

25. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

26. The likely effect of Alltran's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Marcella.

27. Alltran violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Marcella in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Marcella re-alleges and incorporates by reference Paragraphs 12 through 20 above as if fully set forth herein.

29. Alltran violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

30. Marcella demands a trial by jury.

## PRAYER FOR RELIEF

31. Marcella prays for the following relief:

    a. Judgment against Alltran for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: January 17, 2018

By:   /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
Ohio Bar No. 0079315
SD TX Bar No. 2016536
HYSLIP & TAYLOR, LLC, LPA
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: jeffrey@lifetimedebtsolutions.com
*Attorney for Plaintiff*